# Edison Electric Light Co. *v.* McCorkell, Appellant.

*Affidavit of defence—Electric light—Imperfect meter.*

An affidavit of defence to a claim for a designated quantity of electricity at a fixed price per lamp-hour, is sufficient which avers that the measurement of current used was incorrect; that the meter to measure the current was out of order and did not register correctly; that the meter was the property of plaintiffs and under their sole control; that it was removed from the premises by plaintiffs, and that defendant had no opportunity to test by a new and correct meter; that in consequence he could not tell in what sum he was indebted to plaintiffs for electricity actually consumed.

The allegations of excessive registry are sufficiently positive to constitute the assertion of a material fact in hostility with the claim; and, that being so, defendant would be entitled to have an opportunity to prove the truth of the facts he asserts before the jury. . . . The affidavit discloses a reasonable excuse for not expressing the amount due. By Mr. JUSTICE GREEN.

Argued March 21, 1894. Appeal, No. 165, Jan. T., 1894, by defendant, John ·G. R. McCorkell, from order of C. P. No. 1, Phila. Co., Sept. T., 1893, No. 836, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defence, in assumpsit for electricity furnished for lighting.

The affidavit of defence was as follows :

"Defendant is charged for current not used, and will prove on the trial of the cause that the lamp-hour consumption and measurement of current through meter is totally wrong; and defendant will further prove on the trial of the cause that the measurement of current used is incorrect, and that the meter placed for the measurement of current and to regulate lamp-hour consumption was, during the running of the period of time sued for, out of order and repair and did not register correctly. And deponent will further prove that said meter for measurement of lamp-hours is the property of plaintiffs, and under their sole control; and deponent will prove that he used but fifty-five lamps or lights, instead of one hundred, as stated in said contract, and he was to be charged only with lamp consumption or current consumed. Deponent is unable to state, by reason of said defective meter, in what sum he is indebted to the plaintiffs as the meter had been removed by plaintiffs, and he has had no opportunity to test by a new and correct meter; but deponent is willing, and has been always willing, to pay what is justly due, if anything, upon a proper test of the current by a proper instrument."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was order above.

*William Gorman, David Lewis* with him, for appellant, cited : Noble v. Kreuzkamp, 111 Pa. 68 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Youngman v. Walter, 73 Pa. 134 ; Bronson v. Silverman, 77 Pa. 94 ; Leibersperger v. Reading Savings Bank, 30 Pa. 531.

*J. B. Adams, Samuel R. Huey* with him, for appellee.—Plaintiff sues for a sum certain. The affidavit admits an indebtedness, but denies that the whole sum sued for is due without specifying how much is admitted or how much is denied, and without any averment of fact from which the amount admitted or denied can be ascertained.

OPINION BY MR. JUSTICE GREEN, April 23, 1894:

The claim of the plaintiff is for designated quantities of electricity at a fixed price per lamp-hour, and the aggregate of the bill is $169.20, ascertained by the number of lamp-hours at the price stated. The defendant alleges in his affidavit of defence "that he will prove on the trial " that the measurement of current used is incorrect, and that the meter placed for the measurement of current and to regulate lamp-hour consumption was, during the running of the period of time sued for, out of order and repair, and did not register correctly." While it is true the defendant does not state what the correct measurement of the electricity consumed was, or would have been, he proceeds to state a reason why it is impossible for him to make such a statement. He says the meter for the measurement of lamp-hours is the property of the plaintiff and under their sole control, that it was removed from the premises by the plaintiff, and he had no opportunity to test by a new and correct meter. He avers that because of this reason he cannot tell in what sum he is indebted to the plaintiff for electricity actually consumed, and concludes by saying he is perfectly willing to pay what is justly due upon a proper test of the current by a proper instrument.

It seems to us that this affidavit discloses a reasonable excuse for not expressing the amount he does owe. The meter being removed from the premises the defendant would have no opportunity of examining it with a view of determining the correctness of the quantity registered, or of comparing it with the quantity which he claims it ought to have registered. His allegations of excessive registry are sufficiently positive to constitute the assertion of a material fact in hostility with the claim, and, that being so, he would be entitled to have an opportunity to prove the truth of the facts he asserts before the jury.

Judgment reversed and procedendo awarded.